**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WESTLY T. SIMS,** | ) | **CASE NO.  5:05CV0708** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **JOHN E. POTTER,** | ) | **MEMORANDUM OPINION** |
| **POSTMASTER GENERAL,** | ) | **AND ORDER** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

On July 11, 2005, this Court issued an order assigning this case to Magistrate Judge James S. Gallas for general pre-trial supervision (Dkt. # 5).  On September 15, 2006,  Magistrate Judge Gallas issued a report and recommendation that summary judgment be entered in favor of Defendant John E. Potter ("Defendant") and that Plaintiff Westly Sims' ("Plaintiff") motions for summary judgment be denied. (Dkt. # 23).

FED. R. CIV.P. 72(b) provides that objections to a report and recommendation must be filed within ten (10) days after service.  "The purpose of such objections is to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" Neuman v. Rivers, 125 F.3d 315, 322 (6th Cir. 1997) (quoting United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)). Objections must be stated with specificity so as to "enable[] the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."

Thomas v. Arn, 474 U.S. 140, 147 (1985); Neuman, 125 F.3d at 322.  Accordingly, the Sixth Circuit has held that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

Neuman, 125 F.3d at 323; see also Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991); Walters, 638 F.2d at 950.

Rather than cite with specificity his objections to the Magistrate Judge's report, Plaintiff simply "object[s] to James S. Gallas [sic] report and recommendation that defendant's motion for summary judgment be granted." (Dkt. # 24).  Plaintiff files a similar general objection to the Magistrate Judge's recommendation that Plaintiff's "motion for a decision in his favor be denied."  This type of general objection "has the same effect[] as would a failure to object."  Neuman, 125 F.3d at 323.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources.  Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Therefore, the Report and Recommendation of Magistrate Judge Gallas (Dkt. # 23) is hereby **ADOPTED**.  Accordingly, Defendant's motion for summary judgment

(Dkt. # 12) is **GRANTED**. Defendant's motion to dismiss is therefore **DENIED**. (Dkt. # 12). Plaintiff's motions for a decision in his favor are also **DENIED**. (Dkt. #s 14, 17, 19, and 21).

**IT IS SO ORDERED**.

**/s/Peter C. Economus - September 26, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**